UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE DEREK SPRING,

                              Petitioner,

                  -v.-                              9:08-CV-0531 (LEK)

DEBORAH SCHULT,

                              Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

BRUCE DEREK SPRING
Petitioner, *pro se*

FOR THE RESPONDENT:

HON ANDREW T. BAXTER                  CHARLES E. ROBERTS
United States Attorney                      Assistant United States Attorney
100 South Clinton Street
Syracuse , NY 13261-7198

LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE

**MEMORANDUM-DECISION AND ORDER**

**I.    BACKGROUND**

On May 20, 2008, Petitioner *pro se* Bruce Derek Spring ("Spring" or "Petitioner") filed a Petition seeking a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2241. Dkt. No. 1. He asserts several arguments in support of his Petition.[1] Specifically he alleges that: i)

---

[1] As will be seen, Spring has asserted similar theories in support of his habeas application in multiple grounds for relief. For example, all three of his grounds contain arguments in support of his claim that the district court that sentenced Spring improperly delegated a duty of that court to the Federal Bureau of Prisons ("BOP"). See Petition, Grounds One through Three. Therefore, in addressing the substance of his Petition, this Court will refer to the various legal theories asserted by Spring, rather than the specific

the Inmate Financial Responsibility Program ("IFRP") is unconstitutional;[2] ii) the sentencing court improperly delegated the restitution portion of Spring's sentence to the BOP; and iii) as a result of Spring's failure to participate in the IFRP, he has been wrongfully deprived of numerous privileges available to other inmates at his facility, his life has been threatened and he has been continually harassed. See Petition, Grounds One through Three.

On October 22, 2008, the Office of the United States Attorney for the Northern District of New York filed a response in opposition to Spring's Petition. Dkt. No. 19. Attached to that response are records that relate to Spring's criminal conviction in the District of Utah in 1994, including a motion to vacate which Spring previously filed in that District pursuant to 28 U.S.C. § 2255. See Attachments to Dkt. No. 19.

On November 14, 2008, Spring filed a reply memorandum of law in further support of his request for federal habeas intervention. Dkt. No. 20.

## II.   DISCUSSION

### A.   Improper Delegation of Power to the BOP

Throughout his Petition, Spring claims that the Article III court that sentenced Spring in the District of Utah improperly delegated to the BOP, through the IFRP, that court's duty to establish a payment schedule regarding restitution owed by Spring. See Petition, Ground One ("the respondent, through the IFRP, is unlawfully setting payment schedules"); id., Ground Two ("a non Article III Court [cannot] establish a repayment schedule for a fine or

---

grounds for relief in which he has raised his claims.

[2] The IFRP was developed by the Bureau of Prisons to encourage inmates to meet their financial obligations. Rivera v. United States, No. 91-CR-595, 2000 WL 1277339, at *2 (S.D.N.Y. Sept. 8, 2000).

restitution"); id., Ground Three (Spring has no obligation to make any payments while incarcerated because an Article III court did not establish payment schedule).

However, the law of the circuit in which Petitioner was convicted and sentenced, as well as the law in this circuit, provides that claims which allege that a federal court has improperly delegated its power to establish a restitution schedule to the BOP must be asserted in an action commenced pursuant to 28 U.S.C. § 2255 because such a claim is an attack on the imposed sentence.  See Wallette v. Wilner, No. 08-1309, 2009 WL 921122, at *2 (10th Cir. Apr. 7, 2009) (denying § 2241 petition which alleged that sentencing court improperly delegated restitution scheduling authority to the BOP; "[i]f [petitioner] is to make an improper delegation claim, he must do so through a § 2255 petition filed with his sentencing court") (unpublished);[3] United States v. Mortimer, 94 F.3d 89, 91 (2d Cir. 1996) (when an improper delegation has occurred, sentence must be vacated and matter remanded for re-sentencing before the sentencing court).

Therefore, Petitioner is not entitled to habeas relief on this theory by way of this action, which is brought pursuant to 28 U.S.C. § 2241.  Instead, such relief is only available through a successful § 2255 application filed by Spring.[4]

### B.  Constitutional Challenges to the IFRP

---

[3] U.S.Ct. of App. 10th Cir., Rule 32.1, which addresses the citing of judicial opinions in the Tenth Circuit, provides, in part, that unpublished decisions "are not precedential, but may be cited for their persuasive value." Id., Rule 32.1(A).

[4] As this Court noted *ante*, Spring has already filed a motion to vacate his conviction in the District of Utah.  See, e.g., Dkt. No. 19, Ex. C (order of United States District Judge David Sam denying § 2255 motion filed by Spring).  Before Spring may properly file a second § 2255 motion in the District of Utah, he must first seek permission from the Tenth Circuit Court of Appeals to file such application.  See 28 U.S.C. § 2255(h).

3

In his second ground, Spring argues that the IFRP "is unconstitutional in that at no time may a non Article III Court establish a repayment schedule for a fine or restitution." Petition, Ground Two. In his third ground for relief, Petitioner also argues that the IFRP is a means by which prison officials commit "extortion" that constitutes "a violation of a prisoner[']s rights secured by the United States Constitution." Petition, Ground Three.

In Johnpoll v. Thornburgh, 898 F.2d 849 (2d Cir. 1990), the Second Circuit denied the constitutional challenges to the IFRP asserted by the petitioner in that action, and specifically concluded that "the IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Id. at 851. Since this circuit has upheld the constitutionality of the IFRP, the claims in Spring's Petition challenging the constitutionality of that program must be denied as meritless. See id.; McWilliams v. Schult, No. 07-CV-1172, slip op. at 8-9 (N.D.N.Y. Oct. 27, 2008) (Bianchini, M.J.) (Dkt. No. 11) ("[t]o the extent that Petitioner challenges the constitutionality of the IFRP, that issue has already been conclusively determined by the Second Circuit, which has upheld the IFRP, despite its negative consequences for inmates who refuse to participate . . . ."), adopted McWilliams v. Schult, No. 07-CV-1172, slip op. at 2 (N.D.N.Y. Nov. 24, 2008) (Hurd, J.); see also Davis v. Wiley, 260 Fed.Appx. 66, 68 (10th Cir. Jan. 2, 2008) ("Every court to consider a challenge to the IFRP's constitutionality has upheld it . . . . We agree with the other courts that have considered the BOP's authority to establish and operate the IFRP") (citations omitted) (unreported); United States v. White, No. 96 CR 1123, 2007 WL 689430, at *1 (S.D.N.Y. Mar. 2, 2007) (constitutional challenge to BOP's actions in implementing IFRP found to be without merit);

Neal v. Watts, No. CIV.A. 07-0915, 2008 WL 748321, at *2-3 (D.D.C. Mar 17, 2008) (rejecting as without substance petitioner' claim that IFRP is a form of extortion) (citations omitted).

In light of the foregoing, the portions of Spring's Petition that challenge the constitutionality of the IFRP are denied as meritless.

**C.    Remaining Claims**

In addition to the foregoing claims which have been denied, Spring also asserts that as a result of his failure to participate in the IFRP, he has been deprived of various privileges while at the Raybrook Correctional Institution, including "commissary, telephone, visiting and preferred housing." Petition, Ground One. He further claims that he is "being continually harassed because of" his refusal to participate in that program, and that on two occasions, his life has been threatened because he has filed grievances relating to his refusal to participate in the IFRP. Id.

An inmate's refusal to participate in the IFRP undeniably has adverse consequences for such inmate. See, e.g., Solis v. Menifee, No. 99 CIV. 9072, 2000 WL 1401633, at *2 (S.D.N.Y. Sept. 25, 2000) ("it is within the [BOP's] discretion to decide that a prisoner who does not choose to participate in a program designed to help him meet his obligations is not a good candidate for certain privileges or rehabilitation programs"). Nevertheless, a prisoner's refusal to participate in the IFRP would not permit employees of the BOP to threaten that inmate's life or safety, or prevent him from filing grievances at his institution.[5]

---

[5] It is well-settled that the filing of prison grievances and motions are constitutionally protected activities. See Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996); Salahuddin v.

5

In opposing Spring's Petition, however, the Respondent has not addressed these remaining claims of Petitioner. See Dkt. No. 19. This Court therefore directs Respondent's counsel to file a supplemental memorandum of law that addresses the substance of these remaining aspects of Spring's Petition with the Court no later than **August 21, 2009**.

Upon the filing of Respondent's supplemental brief, the Clerk shall return the file in this matter to the Court for further review.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that all grounds in Spring's Petition, with the exception of his claims which allege that he has been harassed, deprived of various privileges, and that his safety and life have been threatened as discussed more fully above, are **DENIED**; and it is further

**ORDERED**, that Respondent's counsel file a supplemental memorandum of law that addresses the substance of these remaining aspects of Spring's Petition no later than **August 21, 2009**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties.

**IT IS SO ORDERED.**

DATED:    July 21, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

Mead, 05 Civ. 8581, 2002 WL 1968329, at *3 (S.D.N.Y. Aug. 26, 2002).