UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRUCE DEREK SPRING,

                                        Petitioner,

                        -v.-                                    9:08-CV-0531 (LEK)
DEBORAH SCHULT,

                                        Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

BRUCE DEREK SPRING
Petitioner, *pro se*

FOR THE RESPONDENT:

HON. ANDREW T. BAXTER                    CHARLES E. ROBERTS, Esq.
United States Attorney                   Assistant United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198

LAWRENCE E. KAHN
U.S. District Judge

## MEMORANDUM-DECISION AND ORDER

### I.      BACKGROUND

On May 20, 2008, Petitioner *pro se* Bruce Derek Spring ("Spring" or "Petitioner") filed a

Petition seeking a writ of habeas corpus in this District pursuant to 28 U.S.C. § 2241. Petition

(Dkt. No. 1). In that pleading, he claims that: I) the Inmate Financial Responsibility Program

("IFRP") created by the Bureau of Prisons ("BOP") is unconstitutional; ii) the sentencing court

improperly delegated the restitution portion of Spring's sentence to the BOP; and iii) as a result of

Spring's failure to participate in the IFRP, he has been wrongfully deprived of numerous privileges

available to other inmates at his facility, his life has been threatened and he has been continually

harassed.  See Petition, Grounds One through Three.  On October 22, 2008, the Office of the

United States Attorney for the Northern District of New York filed a response in opposition to

Spring's petition.  Response (Dkt. No. 19).  On November 14, 2008, Spring filed a reply

memorandum of law in further support of his request for federal habeas intervention.  Reply (Dkt.

No. 20).

In a Memorandum-Decision and Order issued on July 21, 2009, this Court denied all

grounds for relief in Spring's Petition with the exception of his claims which allege that he has

been harassed, deprived of various privileges and that both his safety and life have been threatened

by employees of the Federal Correctional Institution at Ray Brook ("Ray Brook").  See

Memorandum-Decision and Order (Dkt. No. 26).  As to those remaining claims, Respondent was

directed to file a supplemental memorandum of law which addressed the substance of those

remaining aspects of Spring's Petition.  Id. at 6.

Respondent filed her supplemental brief on August 19, 2009.  See Supp. Br. (Dkt. No. 28).

In that supplemental memorandum, Respondent claims that Spring's remaining claims must be

dismissed because Petitioner failed to fully exhaust his administrative remedies relating to such

claims prior to commencing this federal habeas corpus action.  Id. at 2-13.

## II.    DISCUSSION

The Second Circuit has engrafted an exhaustion requirement on habeas petitions brought

by inmates pursuant to 28 U.S.C. § 2241.  See United States ex rel. Scranton v. State of New

York, 532 F.2d 292, 294 (2d Cir. 1976);  Hinebaugh v. Wiley, 137 F.Supp.2d 69, 75 (N.D.N.Y.

2001) (Kahn, J.); Franceski v. Bureau of Prisons, No. 04 CIV. 8667, 2005 WL 821703, at *4

(S.D.N.Y. Apr. 8, 2005).

2

Federal inmates who wish to legally challenge the conditions of their confinement must utilize the Administrative Remedy Program developed by the BOP, which is set forth at 28 C.F.R. § 542.10 et seq.  Under this process, inmates must first attempt to resolve their complaints informally by discussing the matter with a member of the institution's staff.  See 28 C.F.R. § 542.13(a).  If that informal procedure does not successfully resolve the matter, the inmate's next step is to file an Administrative Remedy Request with the facility's Warden within twenty days of the date on which the conduct that forms the basis of the complaint occurred.  See 28 C.F.R. § 542.14(a).  If the inmate is not satisfied with the Warden's response, the inmate may then pursue his complaint by filing an appeal with the Regional Director of the BOP.  See 28 C.F.R. § 542.15(a).  If the inmate is dissatisfied with the Regional Director's determination, the inmate can exhaust his administrative remedies by filing a national appeal with the BOP's Central Office in Washington, D.C. within 30 calendar days of the date the Regional Director's response.  See 28 C.F.R. § 542.15(a).[1]  No administrative appeal is considered to be fully exhausted until it has been reviewed by the BOP's Central Office.  See Crumby v. Martinez, No. CV-08-1900, 2009 WL 2877034, at *4 (M.D.Pa. Sept. 2, 2009) (citation omitted).  Moreover, the burden of demonstrating exhaustion of available remedies rests with the § 2241 petitioner.  See e.g., Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

Respondent claims that Spring has not fully exhausted the allegations he has asserted in this habeas action and that therefore his remaining claims must be dismissed by the Court on this

---

[1]  An inmate may bypass the institutional level if he "reasonably believes the issue is sensitive and [his] safety or well being would be placed in danger if the Request became known at the institution." 28 C.F.R. § 542.14(d)(l).  The inmate may then submit his Administrative Remedy Request directly to the appropriate Regional Director as a "sensitive" request.  Id.

procedural basis.  See Supp. Br. at 5.  In support of this assertion, Respondent has supplied the

Court with the August 13, 2009 affidavit of BOP Legal Assistant C. Magnusson, in which she has

provided detailed testimony concerning her search of the BOP's records regarding grievances filed

by Spring.  Magnusson Aff. (Dkt. No. 28, Attach. 2).

      After having reviewed of the administrative record supplied to the Court, as well as the

Magnusson affidavit, this Court agrees with the Respondent that Spring failed to fully exhaust his

administrative remedies with respect to the remaining claims asserted by him in this action.  In

fact, it appears to this Court as though Spring may have only fully exhausted one of the numerous

grievances he has filed while an inmate at Ray Brook.[2]  However, that grievance, which was

submitted by him more than two months after he commenced this action, alleged that a corrections

officer at Ray Brook grabbed Spring's arm through a slot on the door of his cell, causing "sever

damage" to his shoulder.  See Dkt. No. 28, Attach. 6 at 8.  That exhausted grievance, which was

filed subsequent to the commencement of this action, did not refer, in any way, to any of the issues

about which Spring complains in the petition before this Court.  Thus, it is of no moment that

Spring has apparently exhausted his administrative remedies with respect to that claim.

      In Carmona v. United States Bureau of Prisons, the Second Circuit opined that a federal

inmate's failure to fully utilize the administrative remedies available to a him prior to commencing

an action under 28 U.S.C. § 2241 constitutes a procedural default relating to such claims that may

"only be excused upon a showing of cause and prejudice."  243 F.3d 629, 634-35 (2d Cir. 2001);

see also Hinebaugh, 137 F. Supp. 2d at 75.

---

[2]  As of the date of Magnusson's Affidavit, Petitioner had submitted approximately seventy eight separate submissions which sought some sort of administrative relief regarding his incarceration at Ray Brook.  Magnusson Aff. at ¶ 31.

To establish legal "cause" in this context, Spring must demonstrate that "'something external to the petitioner, something that cannot be fairly attributed to him'" prevented him from fully exhausting his administrative remedies.  Tineo v. United States,  977 F.Supp. 245, 253 (S.D.N.Y. 1996) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  Objective factors constituting cause in this context includes interference by officials which made compliance with the relevant procedural rules impractical.  See Hinebaugh, 137 F. Supp. 2d at 75 (citing Tineo, 977 F.Supp. at 253).  Legal cause has also been found where the petitioner demonstrates that "the factual or legal basis for a claim was not reasonably available" to him at the relevant time.   Tineo, 977 F.Supp. at 253 (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)).  A prisoner's desire to promptly commence a habeas petition rather than fully exhausting his administrative remedies, however, does not constitute cause that would excuse a petitioner from the consequences of his failure to exhaust his administrative remedies.  Bauer v. Henman, 731 F.Supp. 903, 906 (S.D.Ill. 1990).

In the present action, Petitioner has not alleged – must less established – cause for his failure to fully exhaust the administrative remedies relating to the grievances that form the basis of the claims that remain in this action.[3]

Since Petitioner has not demonstrated any cause for his default, this Court need not decide whether he suffered prejudice, because federal habeas relief is unavailable as to procedurally barred claims unless both cause and prejudice are demonstrated.  See Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985).  In light of the foregoing, this Court denies, as procedurally forfeited, the

---

[3] Spring did not seek permission from this Court to file any reply to Respondent's supplemental brief.

remaining claims in this action.

### III.    CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Spring's claims which allege, *inter alia*, that he has been harassed,

deprived of various privileges, and that his safety and life have been threatened as discussed more

fully by Spring in his habeas petition are **DENIED and DISMISSED**; and it is further

**ORDERED**, that Spring's Petition (Dkt. No. 1) is **DENIED** and the above-captioned

action is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:        October 01, 2009
              Albany, New York


Lawrence E. Kahn
U.S. District Judge

6